JRO:vc 37168 pleading\37168answer.wpd

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

MICHAEL B. HANDRIGAN,
Plaintiff,

v.   C.A. No.: 04-12491 -NMG

TRAVIS & NATALIE, INC.,
Owner of F/V TRAVIS & NATALIE,
Defendants,

### ANSWER OF DEFENDANT

### The Parties

1. Admit, that at certain times Michael B. Handrigan was an individual who served as a member of the crew of the F/V Travis and Natalie and deny the remaining allegations for lack of specificity.

2. Admit, that Travis and Natalie, Inc. owned F/V Travis and Natalie and is a Rhode Island Corporation. Deny the remainder of the allegations.

### Jurisdiction

No response is required.

3. The allegation is denied in several parts; that it is unknown at present whether on May 4, 2004, plaintiff was an employee of the defendant; whether Travis and Natalie was in navigable waters; it is denied that the plaintiff was in the exercise of due care and it is further denied that he sustained severe and painful personal injuries.

### COUNT I

4. Defenses to paragraphs 1 through 3 are repeated and incorporated by reference.

5. Denied.

6. Denied.

7. Admitted.

## REQUEST FOR RELIEF

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

## COUNT II

8. Defenses to paragraphs 1 through 7 are repeated and incorporated by reference.

9. Denied.

10. Denied.

11. Admitted.

## REQUEST FOR RELIEF

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

## COUNT III

12. Defenses to paragraphs 1 through 11 are repeated and incorporated by reference.

13. Denied.

## REQUEST FOR RELIEF

1. That the Court determine that plaintiff is not entitled to the relief sought.

2. That the Court determine that plaintiff is not entitled to the relief sought.

WHEREFORE, defendant demands judgment against the plaintiff, plus interest, costs and attorneys fees.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Defendant affirmatively pleads that if plaintiff was injured when and as described, it was due in whole or in part to the plaintiff's own negligence and failure to exercise his duty of care, skill and knowledge in the performance of his work reasonably required of a seaman of the plaintiff's experience and not due to any negligence, fault or unseaworthy condition on the part of the defendant or any person for whom defendant may be legally responsible.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### SECOND DEFENSE

Defendant affirmatively pleads lack of proximate cause between any act or negligence of the defendant or any of them, or any unseaworthy condition aboard the *F/V Travis and Natalie* and the alleged injuries claimed by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### THIRD DEFENSE

Defendant affirmatively pleads that if the injuries alleged were sustained, the plaintiff has not provided documentary medical proof of said injuries, that said injuries where incurred in the service of the vessel, or that the plaintiff's alleged medical treatment was not reimbursed or reimbursable, and that medical treatment was other than palliative.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

### FOURTH DEFENSE

Defendant avers accord and satisfaction for all maintenance and cure properly submitted by the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## FIFTH DEFENSE

If injuries occurred to plaintiff they did not arise while plaintiff was in service of the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## SIXTH DEFENSE

Defendant affirmatively pleads the defense of laches to plaintiff's claims.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## SEVENTH DEFENSE

Plaintiff failed to timely report any injury to the captain before leaving the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## EIGHTH DEFENSE

Defendant affirmatively pleads that if the injuries alleged were sustained, they did not occur while plaintiff was in the service of the vessel.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## NINTH DEFENSE

The plaintiff failed to observe and employ a safe, alternative practice, thus, contributing to his own injury - if any.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## TENTH DEFENSE

Defendant affirmatively pleads that if the plaintiff was injured as alleged, which is specifically denied, after such injury occurred, the plaintiff had been found fit for duty or service onboard the defendant's vessel, and the defendant owes no further duty or maintenance in cure to the plaintiff.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## ELEVENTH DEFENSE

Defendant affirmatively pleads that plaintiff has failed to produce evidence of actual expenditures equivalent to room and board on the subject vessel, if any.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

## TWELFTH DEFENSE

Defendant affirmatively pleads the plaintiff's wilful refusal to provide documentary evidence of his injury or treatment, failed to report or describe his preexisting conditions, failed to submit to examination or scrutiny of his medical claims for which he claims "cure", and non-cooperation in the description, reporting or submission of his claim.

WHEREFORE, defendant demands judgment against plaintiff, attorney's fees and costs for the defense of this claim for relief.

Defendant demands a trial by jury.

DEFENDANTS,
By their Attorney,

J. Renn Olenn, Esq. #642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on December 23, 2004 to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA 02210

-5-