JRO:MKD:cml 37168 \pleading\37168memooflaw

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL B. HANDRIGAN,
Plaintiff,

v.                                                        C.A. No.: 04-12491

TRAVIS & NATALIE, INC.,
Owner of F/V TRAVIS & NATALIE,
Defendants,

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)

Except for the residence of plaintiff's attorney, this case bears no relation to the Commonwealth of Massachusetts in any respect. Both parties are residents of southern Rhode Island. All crewmen that worked on defendant's vessel at the time of an alleged accident involving plaintiff were residents of Rhode Island, more specifically southern Rhode Island. (See attached affidavit of Frederick Mattera). Therefore, any witnesses to any alleged accident on the Travis & Natalie are far more likely to reside in Rhode Island. Finally, any treating physicians and/or health care facilities that plaintiff may have visited as a result of his alleged injury would most likely be situated in Rhode Island. Therefore, any discovery regarding medical records or depositions should take place in Rhode Island.

§1404(a) states:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"The decision to transfer a case pursuant to §1404(a) rests within the sound discretion of the trial court." *Fairview Mach. and Tool Co., Inc. v. Oakbrook Int'l, Inc.*, 56 F.Supp.2d 134, 141 (D.Mass. 1999). The factors to be considered include:

1. The convenience of the parties,

2. the convenience of the witnesses,

3. the relative ease of access to sources of proof,

4. the availability of process to compel attendance of unwilling witnesses,

5. the cost of obtaining willing witnesses, and

6. any practical problems associated with trying the case most expeditiously and inexpensively.

*Little Bay Lobster Co. v. Daley*, 2001 WL274797 (D. N.H. 2001), citing *F.A.I. Electronics Corp. v. Chambers*, 944 F.Supp. 77, 80-81 (D.Mass. 1996).

As discussed above, the convenience of the parties as well as potential witnesses would clearly best be served by transferring venue to Rhode Island. In fact, the vast majority, if not all, documents, witnesses, physical evidence, medical records, and other "sources of proof" are situated in Rhode Island. As for the ease of adjudication, compelling the attendance of out-of-state witnesses could pose significant problems to just and efficient judicial procedures given the geographic distance between Boston and southern Rhode Island and nearby southern Connecticut. Finally, the plaintiff is not prejudiced since suit was filed only six weeks ago.

In short, the convenience of the parties, witnesses, as well as the interest of efficient discovery and adjudication of the plaintiff's claim, all warrant a transfer of venue from this court to the Federal District Court of Rhode Island. The convenience to the plaintiff's attorney in maintaining the action in Boston is not a permissible factor under §1404(a) and, in any case, could not possibly counter the overwhelming bases supporting the transfer. *Wilson v. Ohio River Co.*, 211 F.Supp. 666 (W.D. Pa.

1962) (A plaintiff's choice of attorney is not a factor to be considered in weighing the convenience of the litigant.)

For the foregoing reasons and in the interest of just and fair adjudication, defendant respectfully requests this court transfer the venue of this action to the Federal District Court for the District of Rhode Island.

>                    Respectfully submitted,
>                    DEFENDANT, TRAVIS & NATALIE, INC.,
>                    By Its Attorney,
>
>                    /s/ J. Renn Olenn
>                    _____
>                    J. Renn Olenn, Esq. #0623
>                    OLENN & PENZA, LLP
>                    530 Greenwich Avenue
>                    Warwick, RI 02886
>                    PHONE: (401) 737-3700
>                    FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on  1 . 28 . 05  to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA  02210