UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12491-NMG

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MICHAEL B. HANDRIGAN,              \*
      Plaintiff,              \*
                                    \*
v.                                  \*
                                    \*
TRAVIS & NATALIE, INC.,            \*
Owner of F/V TRAVIS &              \*
& NATALIE,                         \*
      Defendants.              \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

The leading case on the issue of venue regarding Jones Act is *Pure Oil Co. v. Suarez*, 384 U.S. 202 (1966) in which it is clear that plaintiff can choose venue in a Jones Act case so long as the evidence supports that the shipowner is doing business within the chosen location. Upon information and belief it has been represented that Travis & Natalie, Inc. does business within the State of Massachusetts and therefore within the chosen venue of the plaintiff.

It is anticipated that proofs will be elicited in further discovery.

WHEREFORE, the plaintiff requests that the Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) be denied or at least postponed until further discovery may be had.

                            Respectfully submitted,
                            by his attorney,

                            /s/ David B. Kaplan
                            DAVID B. KAPLAN, ESQUIRE
                            BBO # 258540
                            THE KAPLAN/BOND GROUP
                            88 BLACK FALCON AVENUE, SUITE 301
                            BOSTON, MA 02210
                            (617) 261-0080

Dated: February 15, 2005