JRO:MKD:co 37168 \pleading\37168Supp Memo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL B. HANDRIGAN

VS.                                               C.A. NO. 04-12491 NMG

TRAVIS & NATALIE, INC.,
Owner of F/V TRAVIS & NATALIE

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §1404(a)

Plaintiff appears to misinterpret the purpose of 28 U.S.C. §1404(a) and the basis of defendant's motion to transfer venue. Plaintiff relies heavily, and almost exclusively on the 1966 Supreme Court case of *Pure Oil v. Suarez*, 384 U.S. 202 (1966). *Pure Oil* stands for the proposition that venue is proper under the Jones Act and 28 U.S.C. §1391 which provides that venue is proper where "the defendant employer resides or in which his principal office is located." 46 App. U.S.C.A. §688(a). This is nothing more than a personal jurisdiction analysis.

28 U.S.C. §1404 provides a change of venue based on considerations other than personal jurisdiction. In other words, whereas 28 U.S.C. §1391 provides the legal basis for the district in which the case can be brought, §1404 permits a change of venue to the district where the action should have been brought. *Pure Oil* has nothing to do with a party's motion under §1404. The only issue before the *Pure Oil* court was whether or not the plaintiff's Jones Act claim could have been brought in the U.S. District Court for the Southern District of Florida. Section 1404 was not addressed. Therefore, in this case, regardless of whether the defendant's contacts provide personal jurisdiction, the issue of where the action is appropriately tried under §1404 is a separate issue.

Contrary to plaintiff's argument, §1404(a) applies to Jones Act cases just as any other federal case. *Forester v. Elk Towing Co.*, 242 F.Supp. 549 (W.D.Pa. 1965) (Jones Act claim transferred from Pennsylvania to West Virginia where employer was West Virginia Corporation, with principal office in West Virginia, accident occurred near "seat" of transferee court, plaintiff lived 50 miles from transferee court, medical treatment was received from 4 doctors residing 40 or 45 miles from transferee court and all liability witnesses resided within 50 miles of transferee court and were within the subpoena power of the transferee court); *Nowak v. Tak How Investments, Ltd.*, 94 F.3d 708 (1st Cir. 1996) ("The defendant must bear the burden of proving both the availability of an adequate alternative form and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative form" *Id.* at 719); *American Dredging Co. v. Miller*, 510 U.S. 443 (1994); *Albion v. YMCA Camp Letts*, 171 F.3d 1 (1st Cir. 1999).

Under the §1404 analysis, there is no question that this case should be transferred to the U.S. District Court for the District of Rhode Island. The factors to be considered include:

1. The convenience of the parties,
2. the convenience of the witnesses,
3. the relative ease of access to sources of proof,
4. the availability of process to compel attendance of unwilling witnesses,
5. the cost of obtaining willing witnesses, and
6. any practical problems associated with trying the case most expeditiously and inexpensively.

*Little Bay Lobster Co. v. Daley*, 2001 WL274797 (D. N.H. 2001), citing *F.A.I. Electronics Corp. v. Chambers*, 944 F.Supp. 77, 80-81 (D.Mass. 1996).

All parties and all witnesses reside in southern Rhode Island. All of the sources of discovery

are located in southern Rhode Island. Obviously, the cost, time and procedure involved in compelling the attendance of unwilling witnesses and obtaining willing witnesses is far more convenient in Rhode Island. As stated in defendant's initial memorandum, the only connection to Massachusetts, other than irrelevant personal jurisdiction issues under §1391, is that the plaintiff's attorney resides closer to the district court for Massachusetts than that for Rhode Island. As also cited in its initial brief, this is a completely irrelevant factor. *Wilson v. Ohio River Co.*, 211 F.Supp. 666 (W.D.Pa. 1962).

As the U.S. Supreme Court stated in *American Dredging Co. v. Miller*, 510 U.S. 443 (1994), the factors to be considered in changing venue should also include any administrative difficulties, including congested court dockets, within the court considering venue. *Id.* at 448. The interest of the local public in adjudicating controversies within jurisdiction with the closest connection to the parties and the issues out of which the action arises should also be considered. *Id.*

Given the above considerations, and the exclusive connection with Rhode Island that this action has, this case should be transferred to the Federal District Court for the District of Rhode Island.

> Respectfully submitted,
>
> DEFENDANT,
> By his Attorney,
>
> J. Renn Olenn, Esq. #0623
> OLENN & PENZA, LLP
> 530 Greenwich Avenue
> Warwick, RI 02886
> PHONE: (401) 737-3700
> FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on  6/13/05                     to:

David B. Kaplan, Esq.
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301            _____*(signature)*_____
Boston, MA  02210