JRO:MKD:ljc 37168 \pleading\37168MemoOfLaw1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL B. HANDRIGAN :
:
VS. : C.A. NO. 04-12491 NMG
:
TRAVIS & NATALIE, INC., :
Owner of F/V TRAVIS & NATALIE :

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S RULE 59(e) MOTION FOR RECONSIDERATION

There does not appear to be any basis for plaintiff's motion for reconsideration under Rule 59(e). Rule 59(e) provides that a party may move to "alter or amend a judgment . . . after entry of the judgment." F.R.C.P. 59(e). 28 U.S.C. 1404(a) provides only for a transfer of venue and not for dismissal of an action as had been done under the common law doctrine of forum non-conveniens. Therefore, plaintiff's motion should be denied on these procedural grounds.

Secondly, defendant respectfully points out that once a transfer has occurred, the transferring court no longer has jurisdiction to act on a case. (See *U.S. v. Binion*, 107 F.Supp. 680, 682 (D.Nev. 1952), stating that in the context of a transfer of a criminal case, "just as a transferor court no longer has jurisdiction to revoke its order changing venue, by the same measure, no action of the United States attorneys can affect the transfer.") The instant case file has been transferred to the Federal District Court in Rhode Island and has been assigned a new case number in that court. Therefore, any further motion dealing with transfer of venue, or any other matter, can only be brought in Rhode Island.

Even assuming the above arguments were not dispositive, the plaintiff cites two cases that he contends stand for the proposition that a plaintiff's choice of venue in a Jones Act action cannot be transferred (see plaintiff's motion, pg. 2, citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) and *Baltimore & Ohio R. Co. v. Kepner*, 314 U.S. 44 (1941)). To the extent that these cases could at one time have been relevant in determining venue in admiralty cases, which does not appear to be the case, they have been explicitly overruled by 28 U.S.C. 1404(a), congress' transfer of venue statute.

Therefore, the cases cited by the plaintiff have been superseded by §1404. Just as this Court's decision of July 7, 2005, granting defendant's motion to transfer venue, a number of Jones Act cases have been transferred under §1404(a). *American Dredging Co. v. Miller*, 510 U.S. 443, 448-49 (1994) (see Memorandum & Order, pgs. 2-3, attached as Exhibit A).

Based on the foregoing, defendant requests this Honorable Court deny plaintiff's motion for reconsideration, and in the alternative, refuse any action, as this Court appears to be without jurisdiction to act in the instant case.

DEFENDANT,
By its Attorney,

J. Renn Olenn, Esq. BBO#642090
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

## CERTIFICATION

I certify that I sent a true copy of the within on   7.27.05   to:

David B. Kaplan, Esq.
THE KAPLAN / BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA  02210



United States District Court
District of Massachusetts

|  |  |
|---|---|
| MICHAEL B. HANDIGRAN, ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-12491-NMG |
| ) | |
| TRAVIS & NATALIE, INC., ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

In the instant admiralty dispute, plaintiff, Michael B. Handigran ("Handigran") seeks damages for injuries suffered while aboard the F/V Travis & Natalie, a vessel owned by defendant, Travis & Natalie, Inc. ("Travis"). On February 1, 2005, Travis filed a motion to transfer venue to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). On May 5, 2005, a scheduling conference was held and the parties briefly addressed the matter orally. Plaintiff requested limited discovery before filing a written opposition and the Court granted him leave to take a three-hour deposition of the vessel's owner. Both parties subsequently filed memoranda in support of their positions.

Defendant argues that a transfer is appropriate pursuant to 28 U.S.C. § 1404(a) because the vessel, the witnesses and the parties all reside in Rhode Island. It also appears that Rhode

-1-

EXHIBIT A

Island law will be applicable in this case. Finally, other than the fact that the defendant conducts business in Massachusetts, the Commonwealth has no interest in adjudicating this dispute.

Plaintiff responds that under Pure Oil Company v. Suarez, 384 U.S. 202 (1966) the plaintiff "is immune to the constriction of venue that § 1440(a) [sic] would place upon him" (emphasis in original).[1] He thus concludes that defendant's motion should be denied because "this court not only has personal jurisdiction over the defendant, but this venue and forum are proper". In other words, his argument appears to be that, under Pure Oil, transfer of venue under § 1404(a) is unavailable in Jones Act cases and, as a result, plaintiff's choice of venue, as long as jurisdiction is proper, is unimpeachable.

Plaintiff has conflated several legal rules. The Supreme Court in Pure Oil held that, under the Jones Act, venue is proper in any district where the defendant does business. Pure Oil, 384 U.S. at 205. As a result, more than one venue will often be proper. Pure Oil did not, however, suggest that, in choosing among proper alternatives, plaintiff's choice is inviolable. In reality, no such rule exists and Jones Act cases are routinely transferred under § 1404(a). E.g. Robertson v. M/V Cape Hunter, 979 F.Supp. 1105 (S.D.Tex. 1997)(transfer from Texas to

---

[1] It is presumed that plaintiff's citations to 28 U.S.C. § 1440(a) (which does not exist) were intended as citations to § 1404(a).

-2-



Louisiana); <u>Biggers</u> v. <u>Borden, Inc.</u>, 475 F.Supp. 333 (E.D.Pa. 1979)(transfer from Pennsylvania to New Jersey); <u>Bishop</u> v. <u>Ashland Oil, Inc.</u>, 394 F.Supp. 203 (W.D.Pa. 1975)(transfer from Pennsylvania to Kentucky).

In this case, it is undisputed that venue would be proper in either Massachusetts or Rhode Island but that does not end the inquiry. Considerations of convenience and efficiency weigh decisively in favor of transfer. As stated above, the parties, vessel and witnesses all reside in Rhode Island and the plaintiff admits that all depositions and discovery will take place there. Because the accident occurred in Rhode Island, the law of that state will likely apply. Finally, because this dispute is between Rhode Island residents, its courts have a far greater interest in adjudicating the dispute than does this Court. Plaintiff offers no reason why Massachusetts is a more convenient or preferable forum. Accordingly, this case will be transferred to the District of Rhode Island pursuant to 28 U.S.C. § 1404(a).

**ORDER**

In accordance with the foregoing, defendant's motion to transfer (Docket No. 5) is **ALLOWED**. The Clerk of the Court shall transfer this case to the United States District Court for the District of Rhode Island. Plaintiff has requested oral argument but, under the circumstances, that request is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 7, 2005

-4-