MANDATE

# United States Court of Appeals
## For the First Circuit

04-12491
Boston, MA
Gorton, N.

No. 05-2547

MICHAEL B. HANDRIGAN,

Plaintiff, Appellant,

v.

TRAVIS & NATALIE, INC.,

Defendant, Appellee.

Before

Boudin, Chief Judge,
Campbell, and Stahl, Senior Circuit Judges.

JUDGMENT

Entered:   December 29, 2005

    Plaintiff Michael B. Handrigan brought a claim as an injured seaman under the Jones Act in the United States District Court for the District of Massachusetts.  The district court transferred venue to Rhode Island under 28 U.S.C. § 1404(a).  Handrigan seeks interlocutory appellate review from this Court under 28 U.S.C. § 1292(a)(3), arguing that he has a substantive right to his chosen venue, precluding transfer.  We disagree.

    Our recent decisions have confirmed that § 1292(a)(3) attaches a "substantive 'rights and liabilities' prerequisite" to interlocutory review. Doyle v. Huntress, Inc., 419 F.3d 3, 7 (1st Cir. 2005)(noting that review requires "a decision on the merits of the claims or defenses underlying the dispute which determines substantive rights"); Puerto Rico Ports Auth. v. Barge Katy-B, 427 F.3d 93, 100 (1st Cir. 2005)(noting that review must be of order "affect[ing] substantive rights, not merely procedural, tactical,

or adjectival entitlements").

The United States Supreme Court has observed that the Jones Act provides a "generous" choice of venue. Pure Oil Co. v. Suarez, 384 U.S. 202, 205 (1966). Nothing in the Jones Act or the case law interpreting it, however, indicates that a plaintiff seaman's choice of venue is immune from transfer under § 1404(a), and we conclude that it is not.

The appeal is dismissed.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: _____
    Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

_Jennifer Calardo_
Deputy Clerk

Date: 1·20·06

[cc: David B. Kaplan, Esq., J. Kenn Olenn, Esq., Martin DeMagistris, Esq.]